## Childers v. Pigman.

(Decided May 27, 1927.)

Appeal from Knott Circuit Court.

1. Bills and Notes.—Depositions held to establish beyond contradiction that defendant agreed to pay plaintiff amount of due bill sued on, and that he further agreed to pay in addition thereto amount of note sued on.

2. Contracts.—Plaintiff's agreement not to engage as competitor in business in vicinity was valuable consideration for promise of partner to pay amount of due bill and note.

3. Trial.—Defendant's motion to transfer case from equity to ordinary docket came too late when made on day after court submitted cause for judgment after two years during which plaintiff had been taking depositions, notwithstanding that case was statutory and exclusively an ordinary one.

4. Appeal and Error.—Judgment will not be rendered on appeal, in action tried as equity suit, in which plaintiff's deposition showed he was entitled to judgment, but defendant will be given reasonable time to take proof, since between time of taking proof and convening of court plaintiff's depositions could not be contradicted by defendant by counterproof taken in same way.

JOHN S. CARROLL and S. J. KILGORE for appellant.

H. H. SMITH and ADAM CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, A. B. Childers, by this action filed by him in the Knott circuit court against appellee and defendant below, J. H. Pigman, sought a judgment against the latter for the sum of $1,000 and interest, due plaintiff, as alleged, because of a due bill executed to him by defendant on February 14, 1924, for the sum of $500 and a note executed on the same day for the same amount. Defendant answered, admitting the execution of the due bill, but denied the execution of the note, and also alleged that it was without consideration. He then set out the transactions out of which the instruments sued on originated, and they were: That defendant and plaintiff, about December 1, 1923, formed a partnership to conduct a mercantile business in a country store in Knott county, and pursuant thereto they purchased from Grover Hall his store and merchandise valued at $1,352.92, and that each of them executed his note to Hall for one-half of that amount; that plaintiff then moved the stock of goods from a country store he had theretofore operated, some distance therefrom, of the value of $500, and put it into the partnership store; that they operated their partnership for about 45 days, when defendant bought out plaintiff's interest and agreed as consideration therefor to pay plaintiff's note to Hall, which was then outstanding, and in addition to pay plaintiff $500, which, acording to defendant, was to be evidenced by two notes of $250 each, due in 6 and 12 months,

respectively, with personal surety; that at the time defendant was not prepared to execute the notes with surety pursuant to the agreement, and, in lieu thereof, and for temporary purposes only, he executed the due bill with leave to later substitute it with the two notes as soon as they could be executed; that before he could do so plaintiff filed this action in which an attachment was procured and levied on his stock of goods, but for which he executed forthcoming bond pursuant to the provisions of section 214 of the Civil Code of Practice; that he had paid the note executed by plaintiff to Hall; and that, as stated, the note sued on was a forgery and without consideration and in no event did he owe plaintiff more than the amount of the due bill.

Upon the filing of that answer, and on July 23, 1924, the court rendered judgment in favor of plaintiff against defendant for the amount of the due bill and the latter replevied it and subsequently paid it, but the cause was continued in so far as recovery was sought upon the note. For some unexplainable reason the petition was styled in the caption "Petition in Equity," and nearly two years after the judgment supra was rendered (July 10, 1926) plaintiff took the depositions of himself and one Fugate. In his deposition plaintiff testified that in the purchase of his one-half interest in the partnership stock of merchandise defendant was to pay the Hall note, and also $1,000, half of which was evidenced by the due bill, and the other half by the note and that defendant signed the latter. He proved by his witness Fugate that defendant did sign the note. Those depositions were immediately filed, they having been taken on Saturday before the court met on the following Monday, and on July 14, 1926, the court submitted the case for judgment, but on the next day defendant moved to set aside the submission and transfer the cause to the ordinary docket, which motion was overruled. The court then rendered the judgment appealed from, which was and is a radical departure from approved practice and unparalleled in judicial procedure so far as we have been able to discover. It was adjudged therein that the prior judgment on the due bill, which was rendered nearly two years before and had been paid, was erroneous, and it was set aside upon the ground that the note was executed in satisfaction of the due bill, and the petition, in so far as it sought recovery on the note, was dismissed at defendant's cost, and plaintiff prosecutes this appeal therefrom.

The record, at the time of the rendition of that judgment, had in it the depositions of plaintiff and his witness Fugate, which was the only proof in the cause. Those depositions established beyond contradiction not only that defendant agreed to pay plaintiff the amount of the due bill, but that he further agreed to pay in addition thereto the amount of the note, a part of the consideration of which was plaintiff's agreement not to engage as a competitor of defendant in business in that vicinity, and which, if true, was itself a valuable consideration, to say nothing about plaintiff's half interest in the stock of merchandise. There was, therefore, no authority whatever for the court at a subsequent term to set aside the prior judgment rendered on the due bill, even if grounds therefor existed, but which was untrue, and equally erroneous was the court's order in denying recovery on the note under the condition of the record as then made up. It is therefore conceded by defendant's counsel that the judgment must be reversed; but counsel for the respective parties differ as to the proper orders and directions that should be made and given by this court.

As we have heretofore indicated, the case was strictly and exclusively an ordinary one, but defendant's motion to transfer it from the equity to the ordinary docket came too late. Plaintiff took his testimony more than two years after the action was filed and practically as long after the issues were made; the answer having been controverted of record when it was filed. Between the time of taking that proof and the convening of court those depositions could not be contradicted by defendant by counterproof taken in the same way, which was the way it should be done with the case on the equity docket. There was, therefore, a premature submission of the cause after plaintiff's depositions were taken and filed, and the justice of this case requires that we should not direct a judgment on the note, which would be the usual course in strictly equity cases. On the contrary, the same regard for justice dictates that we reverse the judgment and direct the court to set it aside and to then give defendant reasonable time to take his proof.

Wherefore the judgment is reversed, with directions to set it aside with leave for each party to amend his pleadings, if he so desires, and for further proceedings consistent with this opinion.